## 11330

### LORICK *ET AL.* v. LEYSATH *ET AL.*

#### (119 S. E., 840)

1. Sales—Evidence Held Not to Show That Buyer Accepted and Used Shingles With Knowledge of Defects.—In an action for the price of shingles, in which defendant claimed the shingles were defective, evidence *held* not to show that defendants accepted and used the shingles with full knowledge of the alleged defects.

2. Sales—In Action for Price of Shingles, Refusal to Strike Out Evidence as to a New Roof Held Proper on Counterclaim for Injury to Walls Because of Defective Shingles.—In an action for the price of shingles, in which defendant counterclaimed for injury to the walls alleged to have been caused by alleged defects in the shingles, it was proper for the Court to refuse to strike out testimony in regard to putting a new roof on the house, the objection that the only damage alleged was streaked walls being too technical.

3. Trial—Instruction Held Construction of Contract for Sale of Shingles, and Not Charge on Facts.—In an action for the price of shingles, in which defendant claimed the shingles were defective, though there was a conflict in the evidence whether the shingles were properly put on, an instruction that if the shingles "were put on in a way that an ordinary carpenter would put them on the ordinary house, then the shingles failed" to comply with the warranty, was not a charge on the facts, but a construction of the contract.

4. Sales—In an Action for Price of Shingles Which Defendant Claimed Were Defective, Question of Waiver Held Not Involved.—In an action for the price of shingles, in which defendant claimed the shingles were defective, there being no evidence to show that defendant knew that the shingles would warp, crack, or split, the question of waiver was not involved.

Before N. G. EVANS, SPECIAL JUDGE, Orangeburg, April, 1922. Affirmed.

Action by Lee A. Lorick *et al.* against H. H. and Victoria C. Leysath. Judgment for defendants' on a counterclaim and plaintiffs appeal.

*Messrs. Brantley & Zeigler* and *Thos. H. Moffatt,* for appellant, cite: *Charge on facts:* 95 S. C., 221. *Waiver of warranty:* 115 S. E., 815; 105 S. C., 278; 2 Rich., 40; 37 S. C., 7; 92 S. C., 146; 78 S. C., 200; 34 S. C., 516; 2 Bay. 498; 1 McMul., 267; 87 S. C., 426; 74 S. C., 575; 81 S. C., 114; 23 R. C. L., 1442.

*Mr. G. B. Friday,* for respondents, cites: *Shingles properly in evidence:* 109 S. C., 49, *and could be exhibited to the jury:* 116 S. C., 307. *Charge in its entirety not prejudicial:* 115 S. C., 228; 111 S. C., 364; 111 S. C., 107. *Plaintiff cannot set up defective construction:* 102 S. C., 295.

November 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The defendants-respondents built a house, and bought some of the building materials from the plaintiffs-appellants. The unpaid part of the bill was for some asbestos shingles. The amount sued for was $754.54. The defendants answered, admitting the purchase of the shingles, but denied liability on account of the defective condition of the shingles, and set up a counterclaim for $1,000 damages for injury to the walls of the house, caused by leaks from warped, split, and cracked shingles. The plaintiffs put in a reply, denying the defective condition of the shingles, pleaded waiver by reason of the fact that the defendants knew of the defects, if any, and that the cause of the trouble was carelessness in putting the shingles on the house.

The case was tried on circuit, and resulted in a verdict for the defendants against the plaintiffs, for. $250. From this judgment the plaintiffs appealed. There are eight excep-

tions, but appellants have, in argument, reduced the questions to four.

I. Error in refusing to direct a verdict for the plaintiffs. The appellants claimed that the defendants knew of the alleged defects before they used the shingles, and when the defendants accepted and used the shingles with full knowledge of the alleged defects, they thereby waived the defects.

The appellants' trouble is that there was no testimony to that effect. Keith, the carpenter, employed by the defendants, said: "These shingles were not very good, and not as good as I have put on." He was asked if he would have put them on his own house, and he said he might have done so. That is a long way from saying that they were unfit for use. The defendant, H. H. Leysath, said: "I knew of some defects after the shingles were placed on the house." Even if there had been a conflict between the defendant and his witness, it was for the jury to say which told the truth. This assignment of error cannot be sustained.

II. The next assignment of error is in the failure of the presiding Judge to strike out the testimony in regard to putting on a new roof.

The defendant said he did not have to put on a new roof. The witness did say he could not patch the roof by putting in new shingles, as in the case with wooden shingles. The plaintiffs asked the judge to charge that the jury could only allow for streaked walls, as that was the only damage alleged. That is too technical. The object of a statement of the injuries for which damages can be allowed is to prevent surprise. It is manifest to every one that the defendant is bound to minimize his loss, and the only way to do that is to fix the roof.

III. The next assignment of error is in charging: "The judge's charge to the jury was as follows: 'Were they improperly applied to the house? You will take all that testimony, and if you find that the shingles

were put on in such a way that an ordinary man, or an ordinary carpenter, I might say, would put them on, why then if they were put on in a way that an oridnary carpenter would put them on the ordinary house, then the shingles failed, or that the shingles did not come up the warranty, that warranty must be complied with or fulfilled.' "

The plaintiff put up witnesses to prove that an expert was required to put on the shingles, and the shingles were put on by one who was not an expert. The assignment of error was that the charge was a charge on the facts. This was not a charge on the facts, but a construction of the contract. A pamphlet was in evidence, without objection, under which the shingles were sold, and the pamphlet contained this statement: "Johns-Manville Asbestos Shingles are easily laid by any roofer, slater, or carpenter," and it was proper for his Honor to construe those words. The appellants cannot complain of the construction.

There was a conflict of testimony as to whether the shingles were properly put on, but as to that matter his Honor did not intimate an opinion.

IV. The question of waiver is not in this case, as there was no evidence to show that the defendants knew that the shingles would warp, crack, or split.

The judgment appealed from is affirmed.